**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 98-30255
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DWAYNE JEFFREY BUTLER,

Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of Louisiana
(97-CR-74-1)

February 4, 1999

Before POLITZ, HIGGINBOTHAM, and SMITH, Circuit Judges.

PER CURIAM:[*]

Dwayne Jeffrey Butler appeals the sentence received after a jury found him guilty of conspiracy to possess with intent to distribute and to distribute cocaine, and of unlawful use of a communications facility. He contends that the district court erred in concluding that it lacked authority to impose its sentence to run concurrently with a not-yet-imposed state sentence following anticipated revocation of parole.

_____

[*]Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

At the first sentencing hearing, Butler requested that his sentence be imposed to run concurrently with any sentence he might receive in state court upon his parole revocation. He made the same request at resentencing. Therefore, we review the district court's decision not to order a consecutive or concurrent sentence for an abuse of discretion,[1] and review *de novo* whether the district court properly applied the sentencing guidelines.[2]

In **United States v. Brown**,[3] we held that "[w]hether a sentence imposed should run consecutively or concurrently is committed to the sound discretion of the district court, subject to consideration of the factors set forth in 18 U.S.C. § 3553(a)." The district court, erroneously believing that it lacked authority to impose a sentence concurrent with the state sentence to be ordered upon revocation of parole, did not consider the factors detailed in section 3553(a).

The trial court has authority to impose a concurrent sentence in the circumstances presented by this appeal.[4] In so doing, the court should consider the factors set forth in 18 U.S.C. § 3584 and be aware of: (a) the type and length of the undischarged sentence; (b) the time served or likely to be served on the undischarged sentence; (c) whether the undischarged sentence was imposed in state or federal court, or imposed at a different time before the same or different

---

[1] **United States v. Richardson**, 87 F.3d 706 (5th Cir. 1996).

[2] **Id.**

[3] 920 F.2d 1212, 1216 (5th Cir. 1991).

[4] U.S.S.G. § 5G1.3(c), p.s.

federal court; and (d) any other relevant circumstance.[5]

Because we cannot determine from the record whether the district court would have imposed a concurrent sentence if it had concluded that it had the authority, Butler's sentence must be VACATED, and the case REMANDED for resentencing.[6] As to whether a concurrent sentence be imposed we express no opinion, leaving that decision in the first instance to the trial judge. Butler's motion to dismiss his appeal because he is dissatisfied with his appellate counsel is DENIED.[7]

---

[5] Section 5G1.3, comment. (n.3).

[6] **United States v. Rogers**, 126 F.3d 655 (5th Cir. 1997).

[7] 18 U.S.C. § 3006A(c); Fifth Circuit Plan, § 3.